Dear Mr. Picard:
You have requested an Attorney General Opinion concerning the interpretation of Act 193 of the 2004 Regular Session of the Louisiana Legislature that enacted La.R.S. 17:10.6.
La.R.S. 17:10.6 addresses the management of local school systems that are "academically in crisis." A local school system is "academically in crisis" when "more than thirty schools are academically unacceptable or more than fifty percent of its students attend schools that are academically unacceptable." La.R.S. 17:10.6(B)(1). When a local school system is identified as being "academically in crisis," La.R.S. 17:10.6(A)(2) provides that "the state superintendent of education shall notify the state board, the president of the local board and the superintendent of the local system in writing of the status of the system" and the applicability of La.R.S. 17:10.6.
La.R.S. 17:10.6(C) prescribes the authority and powers of the local public school board and the local superintendent of schools in school systems that have received notice of being "academically in crisis." La.R.S. 17:10.6(C) provides:
 C. (1) Upon the notice required in Paragraph (2) of Subsection A of this Section and notwithstanding any law to the contrary except as provided in this Section, the authority of the local board to act shall be limited to the power to do the following:
 (a) Incur debt, issue bonds, pay debt, and meet other financial obligations as required by a contract entered into prior to the date on which this Section has effect on the local system, or by approval of a proposition by the electorate.
 (b) Sue or be sued and provide for the interests of the system in response to any litigation.
 (c) Respond to the recommendations of the superintendent for employee discipline or termination as to employees who are entitled to a hearing before the board under the law.
 (d) Approve or disapprove with recommendations the annual budget, or any amendment thereto, for the expenses of and operation of the local system as submitted by the superintendent. The board may not amend such budget, but may reject it with recommendations.
 (e) Acquire property on behalf of the local system, by donation or otherwise and take action necessary to preserve such property.
 (f) Dispose of or contract with regard to immovable property owned or leased by the local system.
 (g) Enter into a collectively bargained contract with employees. In any negotiation, the local superintendent, or his designee, shall be chief negotiator for the board.
(h) Reapportion themselves as provided by law.
(i) Perform any duty mandated by this Section.
 (2)(a) In such case, the local superintendent shall have and may exercise sole and exclusive authority as to all other matters regarding the policy for and operation and management of the local system, including but not limited to the following:
 (i) Assignment and reassignment of employees, employment, termination, and promotion decisions that do not require action by the local board as a matter of law or contract or laws governing continued employment of permanent employees.
 (ii) Revision of local board or school system policy as is necessary for the local system to be compliant with the requirements of state law or federal or state rule.
 (iii) Performance of all duties required by this Section.
 (b) The superintendent may not enter into a contract on behalf of the local system for a period that exceeds five years in duration. Upon favorable evaluation contracts may be renewed for up to five years, without limitation, in accordance with applicable laws and procedures.
 (c) The superintendent shall submit a monthly report to the local board on the status of all newly executed or renewed contracts including professional services, leases, memorandums of understanding, cooperative endeavors, and social services contracts.
* * *
 (f)(i) The superintendent shall seek and consider advice and input from the local board.
 (ii) The superintendent shall have the authority to enter into and obligate the school system to any contracts not otherwise reserved to the local board in Paragraph (1) of Subsection C of this Section, subject to the requirements of this Paragraph.
 (aa) The superintendent shall at the same time any request for proposals or request for quotations is solicited have delivered by facsimile transmission with a receipt or by United States postal service with return receipt requested to each local school board member at such member's home address and shall post at a location of public access reserved for such purpose in the offices of the local school board a copy of such request for any of the following type of contracts: a professional service contract, as defined in R.S. 39:1484(A)(18); a social service contract, as defined in R.S. 39:1484(A)(22); a personal contract, as defined in R.S. 39:1484(A)(16); a consulting service contract, as defined in R.S. 39:1484(A)(4); any contract for employee benefits; or, any other contract which is not subject to a state law requiring public bidding and which provides for more than two hundred fifty thousand dollars in total expenditure.
 (bb) The superintendent shall, not less than thirty days prior to entering into any contract of the following type, have delivered by facsimile transmission with a receipt or by United States postal service with return receipt requested to each local school board member at such member's home address and shall post at a location of public access reserved for such purpose in the offices of the local school board a summary of each such contract which summary contains, at a minimum, a description of the service or item being provided pursuant to the contract, the identity of the contractor, the duration of the contract, and the dollar amount in total expenditure provided for by such contract: a professional service contract, as defined in R.S. 39:1484(A)(18); a social service contract, as defined in R.S. 39:1484(A)(22); a personal contract, as defined in R.S. 39:1484(A)(16); a consulting service contract, as defined in R.S. 39:1484(A)(4); any contract for employee benefits; or any other contract which is not subject to a state law requiring public bidding and which provides for more than two hundred fifty thousand dollars in total expenditure.
 (iii) Prior to the conclusion of the thirtieth day after the delivery and posting of the contract summary as required in Item (ii) of this Subparagraph, the local school board may prohibit the superintendent from initiating or renewing such contract by a vote of two-thirds of the elected members of the board.
 (iv) The provisions of Items (ii) and (iii) of this Subparagraph shall not apply to any contract which provides for a total expenditure of twenty-five thousand dollars or less.
 (v) Notwithstanding any requirements of this Subparagraph, whenever an exigent circumstance exists that requires a contract be entered into on an expedited basis, the superintendent may enter into any contract without compliance with the requirements of this Paragraph upon a favorable vote of the majority of the elected members of the local board.
 La.R.S. 17:10.6(C)(2)(f)(ii) provides that the local superintendent shall have the authority to enter into contracts, not otherwise reserved to the local school board, if the requirements set forth therein are complied with. The requirements include providing local board members with and posting for public access a copy of requests for proposals or requests for quotations at the time the requests are solicited. The local superintendent must also provide local board members with and post for public access a summary of each proposed contract, not less than thirty (30) days prior to entering into the contract. These requirements apply to those types of contracts listed in La.R.S. 17:10.6(C)(2)(f)(ii)(aa) and (bb). Prior to the conclusion of the thirtieth day after the delivery of the contract summary to the local board members and the posting of the same, "the local school board may prohibit the superintendent from initiating or renewing such contract by a vote of two-thirds of the elected members of the board." La.R.S. 17:10.6(C)(2)(f)(iii). Your first two questions are in reference to this procedure.
You ask if the local superintendent has the authority to resubmit a contract, in its original or a modified form, if the local school board has already rejected the contract. You also ask if the local superintendent can resubmit the same or other contracts with a particular vendor if the Board has already rejected one or more contracts with that vendor.
After reviewing La.R.S. 17:10.6, this office can find no prohibition that would prevent the local superintendent from resubmitting any contract to the local board for approval, whether the contract is in its original or a modified form. We have also found no prohibition preventing the resubmission of the contracts involving a vendor that the local board previously rejected. As a result of the lack of a prohibition, it is the opinion of this office that the local superintendent can resubmit any contract that he or she was, by vote of the local board, prohibited from entering into after initial submittal to the local board. However, it is our opinion that the notice requirements set forth in La.R.S. 17:10.6(C)(2)(f)(ii)(bb) must be complied with each time the local superintendent seeks to enter into a contract covered by the provisions of La.R.S. 17:10.6(C)(2)(f), even if a contract being resubmitted has not been modified.
Your next question relates to the responsibilities of the local school board and the local superintendent under La.R.S. 17:10.6
in reference to employment decisions. Specifically, you ask if the local superintendent can make all employment decisions and exercise the authority granted to the local school boards under La.R.S. 17:81, to the extent that such is not part of the authority reserved to the Board under La.R.S. 17:10.6(C)(1).
La.R.S. 17:10.6(C)(1) states that notwithstanding any law to the contrary except as provided in La.R.S. 17:10.6, the authority of the local board shall be limited to the powers listed therein. Words of law must be given their generally prevailing meaning. La. C.C. Art. 11. The term "notwithstanding" is defined in TheAmerican Heritage Dictionary of the English Language, as "in spite of; all the same; nevertheless; in spite of the fact that; although." Fourth Edition, Copyright 2000 by Houghton Mifflin Company. The use of the term "notwithstanding" means despite other law that might conflict or have bearing on a similar subject matter. It is the opinion of this office that La.R.S. 17:81, defining the general powers of local school boards, is a provision of law contrary to La.R.S. 17:10.6 as to school systems that are "academically in crisis." By the use of the phraseology "notwithstanding any other provision of the law to the contrary," the legislature has evidenced an intent, as to school boards of school systems identified as being "academically in crisis," to redefine their powers to exclude those powers that would otherwise govern if the school system was not identified as being "academically in crisis."
The finding that La.R.S. 17:10.6 essentially supercedes La.R.S.17:81 as to school systems identified as being "academically in crisis" is further implied in the language used when setting forth the powers. La.R.S. 17:10.6(C)(1) states that "the authority of the local board to act shall be limited to the power to do the following . . . " The statute proceeds to prescribe, what, in our opinion, is an exclusive list of powers.
In defining the powers of the local superintendent in school systems identified as "academically in crisis," La.R.S.17:10.6(C)(2)(a) provides that he or she "shall have and may exercise sole and exclusive authority as to all other matters regarding the policy for and operation and management of the local system, including but not limited to the following . . ." The use of the phrase "sole and exclusive authority" indicates that the local superintendent is the only one granted the authority he or she is granted and that that authority is not divided or shared with another person or entity. The "other matters" referred to in La.R.S. 17:10.6(C)(2)(a) are those matters not delegated to the local board in La.R.S. 17:10.6(C)(1). Therefore, the local superintendent, in our opinion is granted the authority over all matters regarding the policy for and operation and management of the local school system that are not reserved to the local board in La.R.S. 17:10.6. Further, the use of the language "including but not limited to" indicates that the list that follows is illustrative, not exclusive. Among those powers of the local superintendent listed is the "[a]ssignment and reassignment of employees, employment, termination, and promotion decisions that do not require action by the local board as a matter of law or contract or laws governing continued employment of permanent employees." La.R.S. 17:10.6(C)(2)(a)(i).
Based on the foregoing discussion, it is the opinion of this office that the local superintendent can make all employment decisions, except those decisions that involve employment matters requiring action by the board as a matter of law;[1] decisions involving powers granted to the local board by an employment contract existing at the time that La.R.S. 17:10.6 becomes applicable; and decisions involving the continued employment of permanent employees. La.R.S. 17:10.6(C)(1)(c) requires that the local board "[r]espond to the recommendations of the superintendent for employee discipline or termination as to employees who are entitled to a hearing before the board under the law." Provisions governing the continued employment of permanent employees are found in the Louisiana Revised Statutes Title 17, Chapter 2, Part II. In our opinion, the local superintendent can exercise the authority over employment decisions granted to local school boards in La.R.S. 17:81.
Your final question is in reference to La.R.S.17:10.6(C)(2)(a)(ii), which is within the illustrative list of powers granted to the local superintendent. That provision provides for the "[r]evision of local board or school system policy as is necessary for the local system to be compliant with the requirements of state law or federal or state rule." You ask if the local superintendent possesses the authority to revise or make policy for the local system in all matters, or only as necessary to comply with state or federal laws. As indicated in our discussion above, La.R.S. 17:10.6(C)(2)(a) grants the local superintendent the authority over all matters regarding the policy for and operation and management of the local school system that are not reserved to the local board in La.R.S. 17:10.6. La.R.S.17:10.6(C)(1) does not grant the local board policy making authority. It is therefore the opinion of this office that the local superintendent's authority to revise or make policy for the local system is not restricted to policy necessary to comply with state or federal laws. The local superintendent possesses the authority to revise or make policy for the local system in all matters.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: _____________________________
 Katherine M. Whitney Assistant Attorney General
CCF, Jr:KMW:lrs
[1] Because we have found that La.R.S. 17:10.6
supercedes La.R.S. 17:81, those mandates in reference to employment decisions set forth in La.R.S. 17:81 are not applicable to school boards of schools systems that are "academically in crisis."